OPINION
Gregory Gibson appeals from an order of the juvenile court finding him delinquent and committing him to the Ohio Department of Youth Services.
Gregory Gibson, a minor, was charged by complaint in the Montgomery County Court of Common Pleas, Juvenile Division, with being delinquent by reason of having committed the offense of Felonious Assault, in violation of R.C. 2903.11. On November 21, 2000, an adjudicatory hearing was held before a magistrate. Charlotte Gibson, the defendant's mother and the victim of the alleged assault, testified as the state's sole witness. Gibson was found delinquent.
The magistrate held a dispositional hearing on November 30, 2000. At the hearing Gibson presented a letter purportedly written by his mother and dated November 28, 2000, which recanted her testimony from the adjudication hearing. The letter stated:
 To the courts: I, Charlotte Gibson, lied on Gregory Gibson. He did not come at me with a knife or he didn't cut me. I just wanted to get help. I'm sorry for the misunderstanding.
/s/Charlotte Gibson.
 P.S. I did it because I feel he did tried [sic] to push me down the steps but it could of been an accident. So I felt scared. That's why I did it.
/s/Charlotte Gibson.
Gibson's attorney made an oral motion for a new trial based upon the letter. The court denied the motion and ordered Gibson committed to the Ohio Department of Youth Services for twelve months. The court of common pleas adopted the magistrate's decision, and this appeal followed.
Gibson presents one assignment of error.
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING, WITHOUT HEARING, THE MINOR CHILD'S MOTION FOR NEW TRIAL WHICH WAS SUPPORTED BY A WRITTEN RECANTATION OF THE STATE'S ONLY WITNESS.
Crim.R. 1(A) states that the criminal rules "prescribe the procedure to be followed in all courts of this state in the exercise of criminal jurisdiction. . . ." However, Crim.R. 1(C) states that the criminal rules, "to the extent that specific procedure is provided by other rules of the Supreme Court, . . shall not apply to procedure . . . (5) in juvenile proceedings against a child as defined in Rule 2(D) of the Rules of Juvenile Procedure." The juvenile rules do not contain a provision addressing motions for a new trial, so we are governed by the applicable criminal rule as we proceed with our analysis.
Crim.R. 33(A)(6) addresses a motion for new trial based upon the discovery of new evidence and provides as follows:
 (A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
Gibson presented the letter, purportedly written by his mother, without supporting affidavits. Gibson did not request leave to secure supporting affidavits. The trial court read the letter into the record, and counsel for Gibson made a motion for a new trial:
 THE COURT: So that [the letter] is part of the record. Do you understand your appellate rights Gregory?
THE JUVENILE: Yes, sir.
 THE COURT: Case number 20-6884-01, the disposition is as follows: The court is going —
MS. ROSARIO: Your Honor —
THE COURT: Yes?
 MS. ROSARIO: — may I — may I ask for a motion prior to disposition being rendered? I would request that there be a new trial based on this information that's given by his mother, your Honor.
 THE COURT: At this time the court is going to deny that motion, Ms. Rosario.
MS. ROSARIO: Thank you.
(T. 10-11).
The court then proceeded with the disposition, committing Gibson to twelve months in the Department of Youth Services.
Gibson argues that the court abused its discretion by denying the motion for a new trial. However, because Gibson did not offer an affidavit to support the motion or request leave of court to secure supporting affidavits, the court was not required to consider the motion. Therefore, the court did not abuse its discretion by overruling the motion because, pursuant to Crim.R. 33(A)(6), the motion was not properly made.
The assignment of error is overruled.
 Conclusion
Having overruled the assignment of error presented, the judgment of the trial court will be affirmed.
 _________ GRADY, J.
FAIN, J. and YOUNG, J., concur.